# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES OF AMERICA, Appellee**
**v.**
**Staff Sergeant MICHAEL A. ANTWI**
**United States Army, Appellant**

ARMY 20110112

Headquarters, Eighth Army
T. Mark Kulish, Military Judge
Colonel Jeffrey C. McKitrick, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Lieutenant Colonel Katherine A. Lehmann, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

28 February 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curium:

A military judge, sitting as a general court-martial convicted appellant, pursuant to his pleas, of six specifications of larceny of military property, and three specifications of making false claims against the United States, in violation of Articles 121 and 132, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 932 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for twenty-one months, and reduction to the grade of E-1.[1]

---

[1] Although there was a pretrial agreement limiting the approved confinement to 365 days, the convening authority improperly approved the sentence as adjudged, which included twenty-one months of confinement.  However, appellant was not prejudiced, because as appellant indicates in his brief, the confinement facility recognized the error and released appellant accordingly (the sentence was adjudged on 9 February 2011 and appellant was released from confinement on 28 November

(continued . . .)

Appellant raises three assignments of error for our review under Article 66, UCMJ. We conclude that appellant's first assignment of error, concerning the government's failure to comply with a material term of appellant's pretrial agreement, warrants both discussion and relief. Our resolution of this issue makes it unnecessary to address appellant's second assignment of error regarding the failure of appellant's trial defense counsel to request deferral of automatic forfeitures and reduction in rank. As for appellant's final assignment of error, we conclude it warrants neither discussion nor relief.

## BACKGROUND

Appellant's case was tried at a general court-martial, and the quantum portion of his pretrial agreement reads:

> The convening authority agrees to: Disapprove any
> confinement in excess of three hundred sixty-five days.
> Any lawfully adjudged punishment within the
> jurisdictional limits of a Special Court-Martial empowered
> to adjudge a Bad Conduct Discharge may be approved.

After the military judge announced the sentence and examined the quantum portion of the pretrial agreement, he recognized and raised with both counsel a potential issue with regard to automatic forfeitures under Article 58b, UCMJ, and the parties understanding of the meaning and effect of the agreement. Because appellant was tried at a general court-marital in which confinement in excess of six months and a bad-conduct discharge was adjudged, Article 58b, UCMJ, triggered automatic forfeiture of all pay and allowances while appellant served confinement. A special court-martial would have only triggered automatic forfeiture of two-thirds pay during confinement, Article 58b, UCMJ. The military judge's discussion with both counsel makes clear that the special court-martial jurisdictional limit was entered into so appellant would retain some amount of pay to provide for his family. The effects of automatic forfeitures were not contemplated by either defense or government counsel.

Following this discussion regarding the effect of automatic forfeitures, the military judge recommended *sua sponte* to the trial counsel that the government

---

(. . . continued)
2011). As we are remanding this case for a new staff judge advocate recommendation (SJAR) and action for other reasons, we merely make note of this error to prevent another erroneous action in the event confinement is approved upon remand.

remedy this situation by having the convening authority grant appellant a waiver of the automatic forfeitures. On 13 June 2011, over four months after the sentence was adjudged, the convening authority took action on this case and waived automatic forfeitures for a period of six months.

## LAW AND DISCUSSION

Appellant now contends, and the government concedes, that the failure of the parties at trial to contemplate the potential effects of automatic forfeitures created a mutual misunderstanding of a material term of the pretrial agreement resulting in appellant not getting that for which he bargained. Appellant further contends, and the government also concedes, that the convening authority's waiver of automatic forfeitures does not amount to specific performance accomplishing what appellant had bargained for, nor was it a remedy agreeable to appellant.[2] We accept appellant's contentions and the government's concessions, and as such, we must now "consider whether the error is susceptible to remedy in the form of specific performance or in the form of alternative relief agreeable to the appellant." *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (citing *United States v. Lundy*, 63 M.J. 299, 305 (C.A.A.F. 2006)). "If such a remedy does not cure the defect in a material term, the plea must be withdrawn and the findings and sentence set aside." *Id.* at 59 (citing *United States v. Perron*, 58 M.J. 78, 85–86 (C.A.A.F. 2003)).

Appellant's stated preference in this case is not to withdraw from his plea, but rather to have his case returned to the convening authority for a new SJAR and action for "the specific performance to which he was lawfully entitled at the time of trial." (Appellant's Br. 19). The government states in its brief that it does not oppose a remand of this case for a new SJAR and action and believes that the convening authority can approve a sentence which will provide the specific performance appellant seeks. We agree under the facts of this case that the convening authority can take action to provide appellant with that for which he bargained, particularly since appellant does not take issue with belated payments. *See Lundy*, 63 M.J. at 304. Therefore, we will send the case back for a new SJAR and action, the relief suggested by both parties to remedy this situation. In doing so, we note that this decision provides a renewed opportunity for appellant to request a deferral of his reduction in rank and automatic forfeitures.

---

[2] The effective date of the waiver was on the date of action, and therefore, appellant was not entitled to receive any pay or allowances from the effective date of the sentence (fourteen days after the 9 February 2011 trial, *see* UCMJ art. 57(a)(1)(A)) until the convening authority's approved waiver on 13 June 2011. Moreover, pay and allowances not subject to forfeiture would have been payable to appellant, but waived automatic forfeitures are paid to appellant's dependents. UCMJ art. 58b.(b).

**CONCLUSION**

The convening authority's initial action, dated 13 June 2011, is set aside. The record of trial is returned to The Judge Advocate General for a new SJAR and a new action by the same or different convening authority in accordance with Article 60(c)-(e), UCMJ. In addition, appellant will receive assistance from a new defense counsel.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court